**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GLENDA DENISE WHITE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-cv-01318-O-BP** |
| | § | |
| **KENDALL CAV,** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**<u>FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>**

On November 21, 2025, Plaintiff Glenda White, proceeding *pro se*, filed a Complaint against Defendants Kendall Cav and Standard Fire Insurance. ECF No. 1. By Order dated January 5, 2026, the Court noted that White had paid the filing fee in this action, and it instructed her to serve Defendants in accordance with Federal Rule of Civil Procedure 4. ECF No. 8. In that Order, the Court cautioned White that she could not serve Defendants herself. *Id.* (citing Fed. R. Civ. P. 4(c)(2)). Nonetheless, White filed a server's affidavit on February 3, 2026, in which she explained that she had personally served Cav by mailing Cav a copy of her Complaint via FedEx. ECF No. 10. However, as the Court reiterated in its Order dated April 8, 2026, this attempt at service was defective because White may not serve any defendant in this case herself. ECF No. 11. The Court proceeded to order White to properly serve Cav and Standard Fire Insurance on or before May 4, 2026, and cautioned her that if she did not serve Defendants, this action would be subject to dismissal without prejudice. ECF No. 11.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent

undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962).

The deadline for Plaintiff to comply with the Court's order expired. To date, Plaintiff has not complied with the Court's order, sought an extension of time to do so, or otherwise attempted to cure her service deficiency or communicate with the Court about her case. Because Plaintiff has not properly served Defendants in accordance with the Federal Rules of Civil Procedure despite an order to do so by May 4, 2026, this case is subject to dismissal for failure to comply with a court order and for lack of prosecution under Rule 41(b).

Accordingly, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's complaint for failure to comply with Court orders and for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within **fourteen (14) days** after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto*

*Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

    **SIGNED** on May 18, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE